IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SADRICK BEVARD JOHNSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-CV-1044-N-BW |
| | § | |
| GREGG COUNTY SHERIFF | § | |
| DEPARTMENT, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Complaint for a Civil Case, filed on April 1, 2026.

(Dkt. No. 3.)  Based on the relevant filings and applicable law, the Court should

**DISMISS** the complaint without prejudice as frivolous and malicious and for failure

to state a claim.

### I.  BACKGROUND

On April 1, 2026, Sadrick Bevard Johnson filed this pro se civil action against

the Gregg County Sheriff's Department.  (*See id.*)  Johnson's statement of his claim,

in its entirety, reads as follows: "Mental cruelty witchcraft applications uniform

organized crime attempted aggravated kidnapping organized crime invasion of

privacy mental exhaustion PTSD discrimination stalking harassment terrorizing

terroristic threats."  (*Id.* at 4 (capitalization altered).)  He appears to seek a total of

$20 billion "and more."  (*Id.*)

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full
case management.

Since January 13, 2026, Johnson has filed 14 civil actions—including this one—in this Court against various state agencies, state courts, state and federal law enforcement entities and officials, and individuals, and in which he presents fantastic and delusional allegations.  He has not filed an application to proceed in forma pauperis or paid the applicable filing fee in any of his cases.  One of his other actions was filed against the same Defendant and asserted similar fanciful allegations in its statement of the claim as in this case: "Organized crime 3 counts of aggravated kidnapping false arrest fraud harassment mental cruelty witchcraft applications criminal trespassing invasion of privacy negligence of liable defamation of character slandering." *Johnson v. Gregg Cnty. Sheriff Dep't.*, No. 3:26-CV-92-S-BT, Dkt. No. 3 at 4 (N.D. Tex. Jan. 13, 2026) (capitalization altered).  His cases thus far have been dismissed for lack of prosecution or transferred to another district, or they are pending initial screening.  In all or almost all of these cases, mail sent by the Clerk of Court to the address provided by Johnson is returned undelivered.  *See, e.g.*, *Johnson*, No. 3:26-CV-92-S-BT, Dkt. No. 5.

## II.  ANALYSIS

Johnson's complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute authorizes the sua sponte dismissal of a complaint if the Court finds that it is frivolous or malicious.  A complaint is frivolous when it is "based on an indisputably meritless legal theory" or when its factual contentions are "clearly 'baseless.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The latter category encompasses allegations that describe

"fanciful, fantastic, and delusional" scenarios or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33 (internal citations and quotation marks omitted). "A complaint is malicious if it duplicates claims involving the same series of events and allegations of many of the same facts asserted by the same plaintiff in prior or pending litigation[.]" *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (citing, among others, *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)); *see also Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019) ("We have repeatedly stated that a claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff.").

The Court must always liberally construe pleadings filed by pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting pro se pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, Johnson fails to state a viable legal claim or anything that can be construed as such.[2]

Johnson's factual allegations present, at best, no more than "legal conclusions[,] mere labels[,] threadbare recitals of the elements of a cause of action[,] conclusory statements[,] and naked assertions devoid of further factual

---

[2] Additionally, there is no indication—and Johnson does not allege—that venue lies in this District for this case or for any of his other cases filed in this Court, as is reflected by the transfer of most of his cases to either the Eastern District of Texas or the Western District of Texas. Indeed, according to his complaint, Johnson himself does not even reside within the Northern District of Texas. (*See, e.g.*, Dkt. No. 3 at 1); 28 U.S.C. § 124(c)(1).

enhancement" in support of his purported entitlement to federal relief. *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (citation omitted). None of these categories of statements is sufficient to state a plausible claim to relief on the face of the complaint. *See Bell Atl. Corp.*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, the substance of Johnson's allegations—to the extent they are coherent—is fanciful and incredible, and thus, inadequate to support any cognizable claim. *See Denton*, 504 U.S. at 33. The complaint is also malicious for purposes of § 1915(e)(2)(B) to the extent Johnson's allegations are duplicative of, virtually identical to, or pertain to the same series of events as those in his prior action against the same Defendant. *See Shakouri*, 923 F.3d at 410.

Accordingly, the Court should dismiss the complaint without prejudice as factually and legally frivolous and malicious, and for failure to state a claim.

### III. LEAVE TO AMEND

Although a pro se plaintiff ordinarily should be granted leave to amend the complaint before dismissal, leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As the Court has explained, Johnson has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred, and his allegations are frivolous and malicious. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Johnson could allege cogent and viable legal claims. The Court therefore concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

4

## IV.  SANCTION WARNING

As noted, Johnson has filed 14 actions in this Court since January 2026.  Most have been dismissed for lack of prosecution or transferred to a proper venue.  Pro se litigants do not have "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).  Sanctions may therefore be warranted when a pro se litigant has a history of filing multiple frivolous or malicious lawsuits.  *See* Fed. R. Civ. P. 11(b)(2), (c)(1); *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).

Here, in light of Johnson's filing history and his pattern of filing actions in this improper venue that raise fantastic, delusional, and duplicative allegations, the Court should warn him that if he persists in filing frivolous or baseless lawsuits, the Court may impose monetary sanctions, bar him from filing any new action, or subject him to other sanctions the Court deems appropriate.

## V.  RECOMMENDATION

The Court should **DISMISS** the Complaint for a Civil Case, filed on April 1, 2026 (Dkt. No. 3), without prejudice as frivolous and malicious and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).  The Court also should **WARN** Johnson that if he persists in filing frivolous or baseless lawsuits, he may be assessed monetary sanctions, barred from bringing any new action, or subjected to any other sanctions the Court deems appropriate.

**SO RECOMMENDED** on April 3, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

6